**Wendell YOUNG, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 11, 1955.

R. B. Bertram, Bruce H. Phillips, Monticello, for appellant.

James A. Hicks, Commonwealth Atty., Albany, J. D. Buckman, Jr., Atty. Gen., Zeb Stewart, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

Appellant was convicted of grand larceny and his punishment fixed at two-years' confinement in the state penitentiary. On this appeal he contends that the verdict was not sustained by the evidence and that incompetent hearsay evidence was admitted.

Appellant was accused of stealing some $5,000 from the prosecuting witness, $2,000 of which was later returned. The testimony of the prosecuting witness is that one after-noon when he was in bed in a very sick condition the appellant and his wife came by his home. They took him out of bed to change his clothes and straighten up his bedroom. He stated that appellant took a red pocketbook from his pants which contained $5,200 in cash. He further testified that subsequently $2,000 was returned to him by appellant's brother, or a third-party with whom the prosecuting witness had negotiated for the return of the money.

Appellant testified that he did not take the pocketbook and had never seen it. He did say that on the same day when the prosecuting witness claims the money was stolen, appellant's brother came to him with a wad of money and asked him to keep it. Appellant says he put the money in a tobacco can and hid it under a stump near his home. He said he did not count the money and did not know whose it was, but he intimated he knew it did not belong to his brother. After appellant had been arrested he was escorted from the jail by the sheriff and his brother for the purpose of locating the hidden money. The prosecuting witness was present on the trip, but appellant did not locate where he had hidden it, or at least he did not then return any money to the prosecuting witness. There is other evidence in the case indicating that the appellant and his brother tried to work out some compromise with the prosecuting witness.

Appellant contends that the verdict is not sustained by the evidence, principally on the ground that the prosecuting witness was in such a drunken stupor when appellant went by his house that he could not remember what happened or how much money he had. This is simply a question of credibility for the jury, not the court, to decide. On the other hand, the story told by the appellant has some fantastic features to it which the jury was justified in disbelieving. It is undisputed that a substantial sum of money was obtained or taken from the prosecuting witness and that a substantial amount of money found its way into the possession of appellant. We could not disturb the verdict on the ground of insufficient evidence.

With respect to the incompetent evidence, it principally relates to testimony of third parties that the prosecuting witness stated appellant had taken his money. This, of course, did not constitute proof of appellant's guilt, although the statements did rebut appellant's contention that the prosecuting witness was in such a mental state he did not know what had occurred. However, if we were to concede that this was incompetent hearsay testimony, it was not prejudicial. The prosecuting witness testified positively that appellant took his money. That was the only issue in the case. The fact that he made that accusation in the presence of two other persons added nothing to the accusation, nor did it make the prosecuting witness' story either more or less believable. The statements were irrelevant and immaterial as substantive evidence, but could not have had any influence on the verdict.

The judgment is affirmed.